[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12840
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00337-ODE-ECS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY JAMES BOLDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 4, 2011)

Before CARNES, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Corey James Bolden pleaded guilty and was convicted of one count of

conspiracy to commit carjacking with force, in violation of 18 U.S.C. §§ 2119 and 372, one count of carjacking, in violation of 18 U.S.C. § 2119, and one count of discharging a firearm while committing the felony of carjacking, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. Bolden's guidelines range was calculated to be 162 to 181 months.

At sentencing the district court took into account Bolden's lack of prior convictions, the support he received from his family, his cognitive impairments, his remorsefulness, and the seriousness of the offenses he committed. In light of those considerations, district court imposed a 60-month concurrent sentence on the two carjacking counts and a consecutive 84-month sentence on the firearm count for a total sentence of 144 months imprisonment. Bolden contends that the district court did not adequately account for his cognitive impairments and that his 144-month sentence is substantively unreasonable because it is greater than necessary to comply with the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

"Since the Supreme Court's Booker decision it has been 'pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions.'" United States v. Irey, 612 F.3d 1160, 1188 (11th Cir. 2010) (en banc) (quoting United States v. Gall, 552 U.S. 38, 46, 128 S.Ct. 586, 594 (2007)). "'A district court abuses its discretion when it (1) fails to afford

2

consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Campa, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc). "In the context of sentencing, the proper factors are set out in 18 U.S.C. § 3553(a), and a district court commits a clear error in judgment when it weighs those factors unreasonably, arriving at a sentence that does not achieve the purposes of sentencing as stated in § 3553(a)." Irey, 612 F.3d at 1189 (quotation marks omitted). "We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." Id. at 1191. The burden of establishing that the sentence is unreasonable lies with the party who challenges it. United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008).

Bolden has failed to show that his 144-month sentence is substantively unreasonable. Bolden's sentence represents a downward variance of 18 months below the low end of his applicable guidelines range of 162 to 181 months, and his sentence is 36 months below the statutory maximum of 15 years imprisonment. The district court fully explained its rationale in sentencing Bolden to 144 months, stating that it had considered Bolden's individual characteristics, including his familial support. The district court expressly stated that "in fashioning this

sentence in determining what's reasonable" it considered Bolden's lack of criminal history and recognized that "he has some cognitive impairment." The district court did not commit a clear error of judgment in balancing the § 3353(a) factors. Instead, the court's statements during the sentence hearing clearly show its understanding that the "goal is to lock in a sentence that is not too short and not too long, but just right to serve the purposes of § 3553(a)." Irey, 612 F.3d at 1197.

**AFFIRMED.**